## No. 6208.

## W. J. S. JOHNSON vs. J. C. DUNBAR, ADMINISTRATOR OF THE SUCCESSION OF WINDER CROUCH.

Plaintiff sues the succession of Winder Crouch for $1900, the amount of an internal revenue tax he alleges to have paid the United States Collector, which was due by the succession, and which, as lessee, he alleges he was compelled to pay to prevent eviction.

Plaintiff's suit rests on the allegation that the payment of the sum aforesaid inured to the benefit of the succession. But, as the succession was insolvent, there was no inheritance or legacy for the heirs, and it was not liable to an internal revenue tax in the inventory thereof. Besides, the tax claimed on the fifty-seven bales of cotton had already been paid by the factor, and the succession was not liable on account thereof. Therefore the payment of the tax by the plaintiff did not inure to the benefit of the succession, as the same was not owing by it.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. J. Bowman*, for plaintiff and appellant. *T. C. Manning*, for defendant and appellee.

WYLY, J. Plaintiff appeals from the judgment rejecting his demand against the succession of Winder Crouch for $1900, the amount of an internal revenue tax he alleges he paid the United States Collector in July, 1872, which was due by the succession, and which, as lessee, he alleges he was compelled to pay to prevent eviction.

When the administrator of this succession was about to sell the property, pursuant to an order of court to pay debts, plaintiff opposed the sale and set up title to one hundred and forty-seven acres of the land, on the ground that he acquired the same by purchase from the United States Internal Revenue Collector in July, 1872, in settlement of the internal revenue tax of $1900 due by said succession.

This court in March, 1874, dissolved the injunction, with damages, and held that the sale to Johnson was an absolute nullity, because there had been no offering and adjudication of the property, and the collector was utterly without authority · by mere notarial act to convey the property of this succession to him.   See the case reported in 26 An. 188.

Plaintiff now sues to recover the $1900, alleging that the payment thereof by him to the Revenue Collector inured to the benefit of the succession.   As the succession was insolvent, there was no inheritance or legacy for the heirs, and it was not liable to an internal revenue tax in the inventory thereof.

The tax on the fifty-seven bales of cotton had already been paid by A. Miltenberger, the factor, and the succession was not liable on account thereof.

We think the court did not err, because the payment of the tax by plaintiff did not inure to the benefit of the succession, as the same was not owing by it.

Judgment affirmed.